UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY HIXSON,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY

        Defendant.
_____/

Civil Case No. 10-10509
UNITED STATES DISTRICT JUDGE
PAUL D. BORMAN

MAGISTRATE JUDGE
MARK A. RANDON

OPINION AND ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Dkt. No. 15),
(2) DENYING PLAINTIFF'S MOTION TO REMAND (Dkt. No. 13),
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 14),
and (4) DISMISSING THE ACTION

Now before the Court is Kimberly Hixson's ("Plaintiff") Objections to Magistrate Judge Mark A. Randon's Report and Recommendation ("R&R") on Cross-Motions for Summary Judgment. Plaintiff's Objections were filed on February 12, 2012. (Dkt. No. 16). Defendant filed a Response on February 27, 2012. (Dkt. No. 17.)

For the reasons stated below, the Court will:

(1) Adopt Magistrate Judge Randon's Report and Recommendation;

(2) Deny Plaintiff's Motion to Remand;

(3) Grant Defendant's Motion for Summary Judgment; and

(4) Dismiss the action.

1

## I. BACKGROUND

The relevant procedural history, and Plaintiff's medical history, were adequately summarized in the Magistrate Judge's R&R at pages 2-12. Plaintiff has not objected to the facts as summarized by the R&R, and the Court adopts them herein.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs dispositive motions referred to a United States Magistrate Judge. The Rule states in pertinent part:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

This Court's review of the administrative proceedings is limited to determining whether the ALJ applied the correct legal standard or whether the decision was supported by "substantial evidence." *See* 42 U.S.C. § 405(g); *Kyle v. Comm'r of Social Security*, 609 F.3d 847, 854 (6th Cir. 2010). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The Court does not "resolve conflicts in the evidence, nor decide questions of credibility." *Id.*

## III. ANALYSIS

### A. The Administrative Law Judge's Findings Regarding Plaintiff's Alcohol Abuse

The Administrative Law Judge ("ALJ") found that Plaintiff suffered from severe impairments, including carpal tunnel syndrome, ETOH (alcohol) abuse, asthma, bipolar disorder and

2

post traumatic stress disorder ("PTSD"). (R. 17.) The ALJ further found that, "[i]f the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination of impairments." (R. 22.) Nevertheless, the ALJ found that Plaintiff "would have the residual functional capacity to perform light work as defined in 20 CFR 416.967(b)" if she stopped abusing alcohol. (R. 23.) The ALJ further elaborated as follows:

> In terms of the claimant's alleged ETOH abuse and bipolar disorder, after giving careful consideration to all the evidence, the undersigned has concluded that when the claimant abuses alcohol and drugs, the claimant is unable to perform her past relevant work or to make an adjustment to other jobs existing in significant numbers in the national economy. However, the medical evidence also shows that this inability to perform jobs is related in a material way to limitations stemming from alcohol and drug abuse. When the claimant remains abstinent from alcohol, she is capable of making an adjustment to other work that exists in significant numbers in the national economy.
>
> By the claimant's own statements, when clean and sober, she is able to engage in significant activities not indicative of a person who is depressed and is totally disabled. By her own report, she cleans the house and prepares simple meals, is independent in terms of daily living, even though her boyfriend does help with laundry and other chores. The alcohol abuse continues to be the primary problem. . . .
>
> After reviewing the record, the undersigned concludes that the claimant's ability to perform work-related activity is limited as a result of her condition. However, the objective medical evidence submitted in this case has not established that the claimant is unable to perform all work-related activity. Although, the claimant has carpal tunnel syndrome, she is able to grip things and is able to lift objects that are not heavy. The medical information shows that claimant is able to walk and stand without loss of control of legs. Though depressed at times, the claimant is able to remember, understand and communicate with others.

(R. 24.)

In her Motion to Remand, Plaintiff argued that the ALJ failed to consider Plaintiff's bipolar

disorder and PTSD in concluding that she was not completely disabled absent her substance abuse. The Magistrate Judge found that the ALJ properly followed the Regulations providing the procedure for finding disability where a claimant's substance abuse is a contributing factor. (R&R at 17-19.)

*1. Plaintiff's Objections*

Plaintiff objects to the Magistrate Judge's reasoning, arguing that "once an individual is found to be disabled and there is competent evidence of drug addition or alcoholism, it must be determined whether the drug addition or alcoholism is a contributing factor material to the determination of disability." (Pl.'s Obj. 4 (emphasis in original).) Plaintiff admits that, in determining whether substance abuse is material to a claimant's disability, the key determination is whether the claimant would still be disabled if the claimant stopped using drugs or alcohol. *See* 20 C.F.R. 404.1535(b)(1). Plaintiff argues, however, that the hypothetical that provided the basis for the finding of disability did not include Plaintiff's substance abuse.

Plaintiff appears to rely on the following exchange between the ALJ and the Vocational Expert at Plaintiff's disability hearing:

> Q  All right. I want you to make another set of assumptions. I want you to assume that we have an individual the same age, education and work experience as the claimant. That individual has the following residual functional capacity, that would be the same as I included in my previous hypothetical but I want to add to that as a result of bipolar condition as well as post-traumatic stress disorder, that individual can not sustain sufficient concentration, persistence and pace to do even simple, routine tasks on a regular, continuing basis. By that I mean eight hours a day, five days a week, 40 hours a week. Given these limitation, is there work an individual could perform? And if so, please tell me what that work would be along with the occupational title, the number of jobs available in the region. By region, I mean the state of Michigan.
>
> A  There are no jobs that meet these criteria.

(R. 55-56.)

Plaintiff also relies on the ALJ's finding that Plaintiff cannot sustain sufficient concentration, persistence or pace to do simple, routine tasks on a regular and consistent basis "[a]s a result of bipolar disorder and PTSD[.]" (R. 20.) Plaintiff argues that, because the ALJ found Plaintiff is disabled based on the limitations caused by bipolar disorder and PTSD, the ALJ erred in finding that Plaintiff's alcohol abuse was material to Plaintiff's disability.

Plaintiff further argues that the ALJ erred in finding that Plaintiff's alcohol abuse contributed to her mental impairments. Plaintiff asserts that, where the claimant's substance abuse cannot be separated from the claimant's other disabilities, the ALJ must find that the substance abuse is not material. *See* Soc. Sec. Admin. Emergency Teletype, No. EM-96-94 (Aug. 30, 1996); *see also Monateri v. Comm. of Soc. Sec.*, 436 Fed. Appx. 434, 441 (6th Cir. 2011) (unpublished) (holding based on a similar argument that "[w]e can assume this is true, because substantial evidence supports the Commissioner's decision that Monteri's substance abuse can be separated from her disabilities.").

2. *Analysis*

The ALJ did not err in finding that Plaintiff is not completely disabled when she is not abusing alcohol. Although the ALJ did find that Plaintiff's bipolar disorder and PTSD limited her from any substantial gainful employment, the ALJ also found that Plaintiff's substance abuse was a material contributor to her mental impairments. The ALJ examined the effect of Plaintiff's substance abuse on her mental impairments as follows:

> In determining the extent to which any mental limitations would remain if the substance use was stopped, the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of

5

>the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.
>
>The first functional area is activities of daily living. In this area, the claimant would have mild limitation if the substance use was stopped. She would able [sic] to care for her personal needs and can perform household chores within her desire to perform them.
>
>The next functional area is social functioning. In this area, the claimant would have mild limitation if the substance use was stopped. She would be able to have occasional contact with people and socialize with friends.
>
>The third functional area is concentration, persistence or pace. In this area, the clamant would have mild limitation if the substance use was stopped. She would be able to pay her own bills.
>
>The fourth functional area is episodes of decompensation. In this area, the claimant would experience no episodes of decompensation if the substance use was stopped. She would not have to be hospitalized due to problems stemming from alcohol abuse.
>
>Because the remaining mental limitations would cause no more than "mild" limitations in any of the first three functional areas and "no" limitation in the fourth area, they would be nonsevere if the substance use was stopped (20 CFR 416.920a(d)(1)).

(R. 22-23.)

The ALJ also did not err in finding that Plaintiff's substance abuse can be separated from her mental impairments. The ALJ noted that "when clean and sober, [Plaintiff] is able to engage in significant activities not indicative of a person who is depressed and is totally disabled." (R. 24.) The ALJ noted Plaintiff's testimony that she cleans her house, prepares meals, and is able to be independent in her daily life. (R. 24.)

In determining whether a claimants substance abuse materially contributes to the claimants physical or mental limitations under 20 C.F.R. § 404.1535(b)(1), the Sixth Circuit has "allowed an

6

ALJ to look at a claimant's periods of sobriety and compare those periods to times when the claimant was abusing substances . . . ." *Monateri*, 436 Fed. Appx. at 443. In finding that Plaintiff's substance abuse contributed in a material way to her mental limitations, the ALJ noted Plaintiff's testimony that she was able to be independent and perform basic household chores when she was not abusing alcohol. The ALJ's decision was thus supported by substantial evidence in the record. Accordingly, the ALJ did not err in finding that Plaintiff's alcohol abuse was a material factor in determining Plaintiff's disability.

**B. The ALJ's Hypothetical**

Plaintiff argues that the ALJ's hypothetical to the Vocational Expert failed to incorporate Plaintiff's carpal tunnel syndrome and asthma.

The ALJ noted that Plaintiff's carpal tunnel syndrome and asthma were severe impairments. (R. 17.) However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment . . . ." (R. 24.) The ALJ noted that even though Plaintiff was diagnosed with carpal tunnel syndrome and asthma, "no physician has disabled the claimant; and no physician has directed the claimant to limit her activities." (R. 24.) The ALJ concluded:

> After reviewing the record, the undersigned concludes that the claimant's ability to perform work-related activity is limited as a result of her condition. However, the objective medical evidence submitted in this case has not established that the claimant is unable to perform all work-related activity. Although, the claimant has carpal tunnel syndrome, she is able to grip things and is able to lift objects that are not heavy. The medical information shows that claimant is able to walk and stand without loss of control of legs. Though depressed at times, the claimant is able to remember, understand and communicate with others.

(R. 24.)

The ALJ did not err in determining that Plaintiff's complaints concerning carpal tunnel syndrome and asthma were not sufficiently severe to limit her ability to do any work. Notably, the ALJ found that Plaintiff's statements regarding these impairments were not credible in light of the objective medical evidence. *See Allen v. Comm. of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009) (noting that credibility determinations regarding a claimant's subjective complaints of pain are left to the ALJ). It was therefore not error for the ALJ to compose a hypothetical question that did not incorporate the alleged limitations caused by Plaintiff's carpal tunnel syndrome and asthma.

## IV. CONCLUSION

For the reasons stated above, the Court will:

(1) **ADOPT** Magistrate Judge Randon's Report and Recommendation;

(2) **DENY** Plaintiff's Motion to Remand;

(3) **GRANT** Defendant's Motion for Summary Judgment; and

(4) **DISMISS** the action.

This is a final order and closes the case.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 8-10-12
Detroit, MI

8